UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Brian Blach,
    Plaintiff:

vs.

Sarah Johnson,
Michael Melvin,
D. Hedrick,
Potts,
C. Forbes,
    Defendants:

Case No.:
Hon. Judge:

SCANNED at PCC and E-MC
4/20/18 (date) by ____
20 (# of pages)

## COMPLAINT
### FOR COMPENSATORY AND PUNITIVE DAMAGES, INJUNCTIVE RELIEF, UNDER THE CIVIL RIGHTS ACT, TITLE 42 U.S.C. SECTION 1983

1. Jurisdiction And Venue

A. This Court has Federal question jurisdiction over the subject matter of this Complaint pursuant to the Civil Right's Act 42 U.S.C. section 1983, and 28 U.S.C. 1331.

B. This Court has personal jurisdiction over each of the Defendants who upon information and belief are/were residents of the State Of Illinois, Former or Current Employees of the State of Illinois, and Committed the act's described herein, within the State of Illinois. Therefore this Court has personal jurisdiction over these Defendants pursuant to 735 ILCS 5/2-209 (a)-(c).

C. Venue is proper in this jurisdiction, because the facts which gives rise to Plaintiff's cause of action took Place in the Central District of Illinois Peoria Division.

2. The Parties

A. Plaintiff:
   Name: Brian A. Biach
   ID. #: M27323
   Address: Pontiac C.C., 700 W. Lincoln Street, P.O. Box 99, Pontiac, IL. 61764

B. Defendants:

1. Name: Sarah Johnson
   Title: Administrative Review Board, Officer Of Inmate Issues
   Place Of Employment: 1301 Concordia Court, Springfield, IL. 62794

2. Name: Michael P. Melvin
   Title: Warden, Chief Administrative Officer
   Place Of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL. 61764

3. Name: D. Hedrick
   Title: Correctional Officer, I.A./Intel
   Place Of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL. 61764

4. Name: Potts
   Title: Correctional Officer, I.A./Intel
   Place Of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL. 61764

5. Name: C. Forbes
   Title: Lieutenant Correctional Officer, I.A./Intel
   Place Of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL. 61764

Note: Defendant Michael P. Melvin, is no longer the Warden at Pontiac C.C., and Plaintiff has no information on his current address. Last known address has been provided.

3. Litigation History

A. Black v. 16th District Chicago Police Department - 15-CV-3237
   Filed: May 2015, Northern District, Chicago Illinois
   Plaintiff: Only Myself (Brian Black)
   Judge: John Robert Blakely
   Disposition: Still Pending

B. Black v. Wilson - 16-CV-1264
   Filed: July 2016, Central District, Peoria Illinois
   Plaintiff: Only Myself (Brian Black)
   Judge: Sue E. Myerscough
   Disposition: Settled

4. Exhaustion Of Administrative Remedies

1. Plaintiff has exhausted All Administrative Remedies made available to him, by Pontiac C.C., as well as Required by I.D.O.C.'s own provided procedures, therefore Effectively exhausting the Administrative Remedie Process required by the P.L.R.A, Making this suit proper and eligable to be presented to this Honorable Court.

## 5. Definitions

1. The term "Custom" or "Customarily" as used in the following Statements Of Claims And Facts, is a "Custom" also meaning "Practice" that is widely spread throughout I.D.O.C./Pontiac C.C., and used by its employees, including and more specifically Defendants Johnson, Melvin, Potts, and Forbes, and Hedrick

2. The term "Custom" or "Customarily" as used in the following Statements Of Claims And Facts is best described as I.D.O.C./Pontiac Employees, including and more specifically Defendant's Johnson, Melvin, Hedrick, Potts and Forbes making "Executive Type Decisions At Their Descretion", including but not limited to denying prisoners/Plaintiff reasonable safety/Protective Custody.

3. The term "Custom" or "Customarily" as used in the following Statements Of Claims And Facts, is adapted by I.D.O.C./Pontiac C.C. Employees, including and more specifically Defendants Johnson, Melvin, Hedrick, Potts, and Forbes because of an Administrative Practice of "Turning A Blind Eye" to employee misconduct that falls short of providing Drugs, sex, Money, Cell Phones, Bribes to or from prisoners, or Aiding Escape to prisoners, thus this "Custom" of Descretion Decision Making has been adopted by employees, including and more specifically Defendants Johnson, Melvin, Hedrick, Potts, and Forbes because there is no fear of consiquence due to lack of disciplinary action by I.D.O.C. Administrations and its Director.

ie. Statements Of Claims And Facts

## COUNT 1:
### (Defendant Potts)

1. Defendant Potts, acting under the color of state law, with actual knowledge of his proscribed duties, violated Plaintiff's clearly established and federally protected Eighth and Fourteenth Amendment constitutional rights, when he failed to protect Plaintiff from a known substantial risk of harm/injury.

2. On September 25, 2017 upon Plaintiff's release from disciplinary segregation, due to his prior request's for Protective Custody, Plaintiff was housed on the unapproved gallery reserved for the temporary housing pending approval/denial of protective custody.

3. In October of 2017, Plaintiff was interviewed by Defendant Potts regarding the Protective Custody Plaintiff was requesting, whereas Plaintiff told Defendant Potts he feared for his life/safety by Latin Kings, and Latin Folks gangs who he would be a target of, due to disrespectful tattoo's on his body in plain sight, as well as targeted for droping out of the Latin Kings, and joining the Latin Folks gang, then droping out as well.

4. In November of 2017, Plaintiff received notice that he was denied Protective Custody. (Due To Defendant Potts Recommendation) subsequently forcing Plaintiff to be later housed in general population amongst Latin Kings and Latin Folks gangs whereas Plaintiff was attacked and beaten by multiple gang members, from the specific gang(s) he requested Protection from.

5. Defendant Potts demonstrates deliberate indifference to Plaintiff's safety/welfare, when he "customarily" denied Plaintiff the clearly needed and Constitutionally required protection, while knowing not only the substantial risk, but more so the fact that Plaintiff would be physically attacked by specific gang affiliations which he knew stemed from the factual disrespectful tattoo's on Plaintiff's body, as well as from Plaintiff switching and droping out of said gang(s).

6. Due to Defendant Potts deliberate indifference, Plaintiff was in fact attacked and savagely beaten, wherein he suffered physical pain and injuries, as well as then, and now continues to suffer Mental/Emotional Psychological pain and suffering.

## COUNT 2:
### (Defendant Hedrick)

1. Defendant Hedrick, acting under the color of state law, with actual knowledge of his proscribed duties, violated Plaintiff's clearly established and Federally protected Eighth and Fourteenth Amendment Constitutional Rights, when he failed to protect Plaintiff from a known substantial risk of harm/injury.

2. On November 21, 2017 upon Plaintiff's release from Investigation/Temporary Confinement status due to his prior request for protective custody, Plaintiff was housed on the unapproved gallery reserved for the temporary housing pending approval/denial of protective custody.

3. In December of 2017, Plaintiff was interviewed by Defendant Hedrick regarding the Protective Custody Plaintiff was requesting, whereso Plaintiff first gave Defendant Hedrick a "Kite" (letter/note) that was give to Plaintiff by his neighbor, which was sent to Plaintiff's neighbor a former Latin King, which informed Plaintiff's neighbor (in Short) that if he physically attacked Plaintiff, Plaintiff's neighbor would be forgiven and be back in good graces with the Latin Kings, and allowed back into General Population. Plaintiff further told Defendant Hedrick he feared for his life/safety from the Latin Kings and Latin Folks gang(s) who he would be a target of, due to disrespectful tattoo's on his body that are in plain, as well as targeted for droping out of the Latin Kings gang, and joining the Latin Folks gang, then droping out as well.

4. In January of 2018, Plaintiff received notice that he was denied Protective Custody, (Due to Defendant Hedrick's Recommendation) subsequently forcing Plaintiff to be later housed in general population amongst Latin Kings and Latin Folks gangs, whereso Plaintiff was attacked and beaten by multiple gang members, from the specific gang(s) he requested protection from.

5. Defendant Hedrick demonstrates deliberate indifference to Plaintiff's safety/welfare, when he "Customarily" denied Plaintiff the clearly needed, and Constitutionally required protection, while knowing not only the substantial risk, but more so the fact that Plaintiff would be physically attacked by specific gang affiliations, and this was clear to Defendant Hedrick by the "Kite" he received from Plaintiff given to him by his neighbor in which was received from Latin King gang member(s), as well as the tattoo's Plaintiff had on his body in Plain Sight which are disrespectful to the Latin Kings and Latin Folks gangs, and still further Plaintiff would be in danger from said gangs, for droping out of the Latin Kings, and joining the Latin Folks, then droping out.

6. Due to Defendant Hedricks deliberate indifference, Plaintiff was in fact attacked and savagely beaten, wherein he suffered physical pain and injuries, then as well as now continues to suffer Mental/Emotional Psychological pain and suffering.

## COUNT 3:
### (Defendant Forbes)

1. Defendant Forbes, acting under the color of state law, with actual knowledge of his proscribed duties, violated Plaintiff's clearly established and Federally protected Eighth and Fourteenth Amendment Constitutional Rights, when he failed to protect Plaintiff from a known substantial Risk of harm/injury.

2. On January 23, 2018 Plaintiff spoke with Defendant Forbes regarding why his (Defendant Forbes) Subordinates Defendants Potts and Hedrick were denying Plaintiff Protective Custody, in which Defendant Forbes told Plaintiff "I know all about your situation, but you made the decision to get those tattoo's, now be a man and deal with it." Plaintiff said to Defendant Forbes "I gave a kite to Hedrick that was from the Latin Kings that proves they are after me" and Defendant Forbes cut Plaintiff off by saying I know about the kite, but oh well man up, you made your bed now you will have to lay in it, you chose to get those tattoo's, and switch gangs, if you stayed with the Latin Folks or even the Latin Kings you would have no worries." Plaintiff told Defendant Forbes he was suppose to be correcting his subordinates wrongs, when they do stuff behind his back but then finds out about, and Defendant Forbes said said "They are my officer's who report to me, I cleared their recommendation to deny you." then Defendant Forbes walked away.

3. Defendant Forbes demonstrates deliberate indifference when he knowingly allowed, cleared/approved his subordinates Defendants Potts, and Hedrick to deny Plaintiff the clearly needed and Constitutionally required protection, while knowing the substantial risk to Plaintiff's safety/welfare, but moreso the fact that Plaintiff was a target of physical attack by specific gang affiliations for having disrespectful tattoo's to specific gangs on his body, as well as targeted for switching gangs from Latin Kings to Latin Folks then dropping out of the Latin Folks gang.

4. Due to Defendant Forbes deliberate indifference, Plaintiff was forced to be housed in general population where he was in fact attacked and savagely beaten by the specific gang(s) he requested protection from, wherein he suffered physical pain and injuries, then as well as now continues to suffer Mental/Emotional Psychological Pain and suffering.

COUNT 4:
(Defendant Melvin)

1. Defendant Melvin, acting under the color of state law, with actual knowledge of his proscribed duties, violated Plaintiff's clearly established and Federally protected Eighth and Fourteenth Amendment Constitutional Rights, when he failed to protect Plaintiff from a known substantial risk of harm/injury.

2. Defendant Melvin, was made aware through multiple grievances filed by Plaintiff that he (Plaintiff) feared for his life/safety from gangs, due to being in bad graces with them

as well as for having disrespectful tattoo's on his body directed towards gang(s). Plaintiff clearly articulated that he was requesting protective custody as well as needed it., and still denied by I.A. (Internal Affairs). Plaintiff clearly articulated through these grievances to Defendant Melvin that he would be attacked and extorted by gangs if placed in general population, but despite these warnings from Plaintiff, as well as clear and substantial risks to Plaintiff's safety/welfare, Defendant Melvin "Customarily" ignored them and denied Plaintiff protection, subsequently forcing Plaintiff to be housed in general population (amongst the gangs) Plaintiff requested protection from, who in fact attacked and savagely beat him (Plaintiff).

3. Defendant Melvin demonstrates deliberate indifference to Plaintiff's safety/welfare by knowing of the substantial risks, as well as the fact that Plaintiff would be attacked by gang members if housed in general population, but "Customarily" ignored such risks denying Plaintiff protective custody wherein directly resulting in Plaintiff being violently attacked/beaten by multiple gang members.

4. Due to Defendant Melvin's deliberate indifference, Plaintiff was denied protection wherein he was savagely beaten and suffered physical pain and injuries, then as well as now continues to suffer Mental/Emotional Psychological Pain and Suffering.

COUNT 5:
(Defendant Johnson)

1. Defendant Johnson, acting under the color of state law, with actual knowledge of her prescribed duties,

violated Plaintiff's clearly established and federally protected Eighth and Fourteenth Amendment Constitutional Rights, when she failed to protect Plaintiff from a known substantial risk of harm/injury.

2. On January 23, 2018 Plaintiff had a video conference with Defendant Johnson regarding the Protective Custody Plaintiff was requesting but denied of by Pontiac C.C.'s Warden and Internal Affairs, wherein Plaintiff told Defendant Johnson he feared for his life/safety (by gang(s) among other things because he had disrespectful tattoo's on his body towards gang(s), which Defendant Johnson clearly knows this in and of itself makes Plaintiff a target of attack by gang(s) in general population, but despite this clear and substantial risks to Plaintiff's safety/welfare Defendant Johnson "Customarily" ignored this, denying Plaintiff protection and forcing Plaintiff to be housed in general population amongst gangs subsequently where Plaintiff was attacked and savagely beaten by multiple gang members of gang(s) Plaintiff requested protection from.

3. Defendant Johnson demonstrates deliberate indifference, when she knew of the substantial risk of harm/injury towards Plaintiff's safety/welfare but took no action to abate that risk, and in fact solidifying that risk by denying Plaintiff protection and forcing Plaintiff into the hands of his attackers.

4. Due to Defendant Johnson's deliberate indifference Plaintiff was savagely beaten wherein he suffered Physical Pain and Injuries, then as well as now continues to suffer Mental/Emotional Psychological Pain and Suffering.

7. Relief Request

(All Defendants)

Wherefore Plaintiff requests, and prays that this Honorable court enter judgment in Plaintiff's favor, granting him:

1. A declaration that the acts and omission described herein violated Plaintiff's Civil Rights under the United States Constitution, and Laws of the state of Illinois.

2. A permanent Injunction, Restraining Defendants from withholding protection from harm from Plaintiff and ordering Defendants to provide Plaintiff Protective Custody housing.

3. Compensatory damages in excess of $150,000.00 against each Defendant Jointly and severally.

4. Punitive Damages in excess of $300,000.00 against each Defendant Jointly and severally.

5. Reimbursment of all Costs and Fees accrued in this Lawsuit.

6. For this Honorable Court to grant such further relief this Court deems just and proper.

## Jury Demand

1. Plaintiff hereby respectfully requests a trial by jury on all issues so triable.

Wherefore, Plaintiff asks that judgment be entered in his favor against all Defendants for the pain, suffering and hardship Plaintiff has endured because of Defendants constitutional violations against Plaintiff.

Respectfully Submitted

Brian Black # M27323
Plaintiff:

## AFFIDAVIT OF CONTENTS

I, Brian Black, swear under oath and penalty of perjury that the contents within the above/attached Complaint is true and correct to the best of my knowledge and understanding and that I am competent to testify thereto, as well as subject to sanctions by the Court if otherwise not so.

Respectfully Submitted

Brian Black # M27323
Date 4-20-18

## CERTIFICATE OF SERVICE

I, Brian Blach, certify that on April 20, 2018 that I have given the attached complaint to the Pontiac C.C. Max Law Library staff to be E-Filed to the 309 Federal building in Peoria Illinois to be Filed with the Clerk of the Court.

Respectfully Submitted

Brian Blach

Brian Blach #M27323
Date: 4-20-18